## Commonwealth of Pennsylvania to use of The Farmers' Bank of Hummelstown, Appellant, *v*. Frank S. Strickler, John J. Lehman and E. J. Putt, M. D.

*Principal and surety—Bond of bank teller.*

In an action by a bank against the sureties of the teller it appeared by the plaintiff's statement of claim and by the declaration of plaintiff's counsel that the case was tried on the theory that the teller had converted to his own use $1,000 of the bank's money. The evidence showed that on a certain day the teller made an error in adding the items in the depositor's column, amounting to $1,000. There was no evidence, however, that the bank actually sustained a loss by reason of the wrongful addition. *Held*, (1) that the trial court was not in error in saying to the jury that " a mere incorrect entry would not in itself impose an obligation on the defendant; it would be necessary to show that a money loss accrued to the bank;" (2) that the burden of proof was upon the bank to show that an actual loss had been incurred.

Argued January 1, 1896.    Appeal, No. 13, May T., 1896, by plaintiff, from judgment of C. P. Dauphin Co., January T., 1895, No. 398, on verdict for defendants.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Assumpsit on a bond of suretyship.    Before McPHERSON, J.

The material portion of plaintiff's statement of claim was as follows :

It was the duty of the said Frank S. Strickler, as teller of said bank, to receive all sums of money paid to the said bank upon bills and notes for transient deposits, special deposit, general account, discounts or any other purposes whatsoever, and to pay therefrom all such moneys as were properly payable on account of bills, transient deposits, special deposits, general accounts or otherwise, and faithfully account for and pay over to the said bank at the close of business upon each day during the time that he was such teller the balance of money remaining to the credit of and belonging to the said bank at the close of each day's business.    That the said Frank S. Strickler, as teller of the said bank, did on April 1, 1887, fail to properly and faithfully perform his duties as such teller, and did upon said day

commit a breach and violate the condition of the aforesaid obligation in the following manner, to wit: that is to say, the said Frank S. Strickler did on the said 1st day of April, A. D. 1887, at the commencement of business on said day, according to his own account as stated in the books of said bank, have in his possession cash belonging to said bank   .   . $14,164 19
And did upon said day take and receive into his
    possession as teller of said bank for the use
    of the said bank the following sums of money,
    to wit:

| | |
|---|---:|
| From bills, . . . . . . . | 2,115 24 |
| From transient depositors, . . . . . | 32,924 45 |
| From special depositors, . . . . . | 938 00 |
| Upon general account, . . . . . . | 2,649 74 |
| From discounts, . . . . . . | 134 72 |
| Making a total of . . . | $52,926 34 |

in his hands and received by him upon the said day to be accounted for and to be paid over to the said bank at the close of business upon said day.

That upon the said day the said Frank S. Strickler, as teller of the said bank, paid on account of the said bank the following sums, to wit:

| | |
|---|---:|
| On bills, . . . . . . . . | $ 4,440 98 |
| To transient depositors . . . . . | 17,055 90 |
| To special depositors . . . . . . | 2,162 78 |
| Upon general account, . . . . . | 4,748 45 |

thus leaving in his hands as such teller to be accounted for and paid over to said bank at the close of business upon the said 1st day of April, A. D. 1887, the sum of $24,518.23.

That the said Frank S. Strickler, in violation of his duty as teller of the said bank, and in violation of the condition of the aforesaid obligation, did not at the close of business upon said 1st day of April, A. D. 1887, account for and pay over to the said bank the said balance of $24,518.23 so remaining in his hands as aforesaid, but accounted for and paid over to the bank only the sum of $23,518.23, leaving the balance of one thousand ($1,000) dollars received by the said Frank S. Strickler upon said day as teller of said bank, which he did not then or at any time

subsequently account for or pay over to the said bank or to any officer or representative thereof.

And, therefore, the said plaintiff avers and claims that the said Frank S. Strickler has violated the condition of the aforesaid obligation, and has failed to faithfully and properly perform his duties as teller of the said bank; and that, therefore, the said bank is now entitled to recover from the above-named defendants the sum of one thousand ($1,000) dollars with interest thereon from April 1, A. D. 1887, and for the recovery thereof this action is now brought.

The court charged as follows:

Gentlemen of the jury, this is so exclusively a question of fact for you that it is not necessary for me to say more than a very few words. The suit is upon a bond which was given by Mr. Strickler, the defendant, when he was appointed teller of this bank, intended to secure the faithful performance of his duties in that office. Now the allegation upon the part of the bank is, that he did not discharge his duties faithfully, and the testimony you have heard on the part of the plaintiff is intended to establish that proposition. Of course it is possible to put the proposition in different forms of speech, but after all it comes down to this: did the defendant Strickler embezzle this thousand dollars? [The mere fact that entries were made in books that were not correct would be a matter of small consequence indeed if the facts behind those entries were not such as to cause the bank to suffer loss. Suppose, for example, that entry which is confessedly an incorrect entry had not been accompanied by the removal of $1,000 from the drawer of the bank, certainly the bank would have the thousand dollars there, and the thousand dollars would have given it everything it needed to discharge its entire obligation; so that I say the question after all is whether in point of fact all this money that was put into the bank on that day by the depositors, and thereby made an obligation of the bank, which it was obliged to discharge, whether that money staid there in the bank's care and custody, or whether a thousand dollars of it was abstracted by the defendant. It is essential to justice to both parties to get at the real point of the case; it is essential to know what is back of the entries in the books. A mere incorrect entry would

not of itself impose an obligation on the defendant. It would be necessary to show that a money loss accrued to the bank.

Now that is a question of fact for your disposition, and you have heard it argued carefully and fully upon both sides, and the question is submitted to you. You have heard the testimony of the witnesses and you have the books before you. You have heard testimony in regard to the character of Mr. Strickler for honesty and integrity, and taking the whole of the testimony together, you must decide whether he has converted to his own use a thousand dollars of the money of the bank. If he did not, the bank, by the very supposition had the money in its drawer to meet its obligations, and as it had the money, the mere incorrect entry in the books did it no harm whatever. It comes, whatever way you look at it, to this point; has the bank suffered a money loss by the conduct of the defendant?

There is only one way which I can see by which it could have suffered loss, and that is by the defendant taking the money and converting it to his own use. On that question the bank has the burden of proof. It is its business to satisfy you by the fair weight and preponderance of the evidence that such is the case. If you are not satisfied, then the bank has failed, and your verdict should be for defendant.] [If you are satisfied that he did do so, then he thereby unquestionably failed to discharge his duties as teller with fidelity, and there might be a recovery upon this bond for this amount, with interest from the time it was converted to his own use. That is, as I understand it, the whole case, and to that point the testimony inevitably leads.

Verdict and judgment for defendants.   Plaintiff appealed.

*Errors assigned* were (1) above instruction, quoting it; (2) The charge of the learned judge, it is respectfully submitted, does not contain a proper explanation of the legal effect of the entries made by the defendant in the books of the plaintiff below on April 1, 1887, and of the settlement entered by him in said books at the close of business on that day, and is erroneous in not instructing the jury that said entries and settlement established a prima facie case of liability against the defendant below. (3) The charge of the learned court in its tenor and effect is

misleading, and is calculated to confuse the jury as to the rights, duties and liabilities of the parties to the suit, and is not a full and adequate presentation of the case.

*Samuel J. M. McCarrell*, with him *Weiss & Gilbert*, for appellant.—We confidently submit the bank established its right to recover $1,000 from Mr. Strickler. It certainly made out a prima facie case of liability for $1,000, which Strickler was bound to answer or submit to a verdict against him. Whether he erroneously gave credit to depositors for $1,000 more than they actually deposited, or converted $1,000 of the money deposited by them to his own use, is quite immaterial, so far as the bank's loss and his liability therefor are concerned.

We respectfully contend that the whole tenor and effect of the charge of the learned court was to leave the jury uninformed as to the legal bearing and effect of the evidence, and to lead them to presume that the bank was bound to prove something in addition to what it had shown before it could be permitted to recover: Bisbing v. Third Nat. Bank, 93 Pa. 82; Fietz v. Phila. Traction Co., 169 Pa. 524.

*Meade D. Detweiler*, with him *B. F. Etter*, for appellee.

OPINION BY MR. JUSTICE McCOLLUM, October 5, 1896:

It is not denied that this case was tried in the court below on the theory that the defendant on the 1st of April, 1887, converted to his own use $1,000 of the bank's money. The statement of claim was prepared in accordance with this theory, and the declaration of the plaintiff's counsel when interrogated by the court in regard to the nature of their client's contention harmonized with it. A claim of this nature, although made in a civil suit, necessarily involved a reflection upon the defendant's character. It was tantamount to, if not in plain terms, a charge of embezzlement. That both parties to the suit so regarded it is further shown by the fact that the defendant was allowed without objection to introduce evidence of his character for honesty. If the issue had related to an alleged loss caused by an error of the defendant in adding the items in the depositors' columns there would have been no occasion or room for evidence of this nature.

We have specifically referred to the matters above mentioned because they are proper for consideration in determining whether there is substantial cause for the complaint made by the plaintiff in respect to the charge. In view of the issue presented by them we cannot regard the instruction concerning the burden of proof as prejudicial to the interests of the bank, or in any sense misleading. There was no warrant in the evidence for a conclusion that the bank sustained a loss by reason of an error in adding the items in the depositors' column. It was not claimed that there was any error in any item of the column, or that the bank in consequence of the error in adding the items paid to any depositor more than he was entitled to receive. It required something more than the error complained of to sustain the claim that the defendant had appropriated the bank's money. The learned judge therefore made no mistake in saying "a mere incorrect entry would not of itself impose an obligation on the defendant; it would be necessary to show that a money loss accrued to the bank." If the bank received and had the benefit of all the deposits made on the 1st of April, 1887, it was not injured by the error in footing them. The only ground on which a recovery was possible with due regard to the claim of the plaintiff and the evidence in the case, was that the defendant withheld or abstracted from the bank for his own purposes $1,000 belonging to it. Whether he did so was a question for the jury upon all the evidence in the case. It was submitted to them in an adequate and impartial charge, and their decision of it was in accord with a fair preponderance of the testimony.

Judgment affirmed.